**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
Christopher Ziehm

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ZIEHM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE § 632.7** <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# INTRODUCTION

1. CHRISTOPHER ZIEHM ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GC SERVICES LIMITED PARTNERSHIP, a Delaware Corporation ("GC" or "Defendant") in recording a telephone conversation of Plaintiff without the knowledge or consent of Plaintiff, in violation of California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. ("IPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation involving a cellular telephone without the knowledge or consent of the other. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed and regardless of the content of the conversation. The only intent required by Penal Code § 632.7 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632.7 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone conversations with California residents.

///

///

///

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff is a resident of California and GC is a resident of Delaware, which means that at least one class member belongs to a different state than that of any defendant, which is sufficient for minimal diversity. Plaintiff also seeks up to $5,000 in damages for each recorded call in violation of the IPA, which, when aggregated among a proposed class numbering in the several thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

4. Venue is proper pursuant to 18 U.S.C. § 1391(b) because the injury to Plaintiff occurred in the County of Los Angeles and Defendant does business within the State of California and the County of Los Angeles.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of Los Angeles in the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that GC is, and at all times mentioned herein was, a limited partnership whose primary corporate address is in California, and is incorporated under the laws of Delaware.

7. According to Defendant's website: "As one of the industry's leading business process outsourcing providers today, GC Services offers a wide array of accounts receivable solutions and customer care solutions to both public and private sector organizations. Our partnerships include clients from numerous industries including the automotive, banking and financial services, cable and satellite, consumer goods/computer manufacturing and electronics, retail, telecommunications, utility, mortgage, student loans, and various governmental sectors. Such diverse experience allows us to deliver

best-in-class solutions to our clients with highly skilled management and staff."

8. Also, according to Defendant's website: "As an outsourcing leader in both the call center and accounts receivable industries, GC Services provides a wide array of inbound and outbound management solutions to both public and private sector organizations."

9. Defendant has a policy and practice of recording its telephone conversations with the public, including California residents. Defendants' employees and agents are directed, trained and instructed to, and do record its outbound telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was an individual residing within the State of California in the County of Los Angeles.

11. Defendant is, and at all times mentioned herein was, a Delaware limited partnership, engaged in the business of debt collection.

12. On or about May 9, 2014, Defendant called Plaintiff on Plaintiff's cellular telephone number ending 3200 regarding an alleged debt allegedly owed by Plaintiff. During this private telephone conversation, Defendant's representative discussed confidential information with Plaintiff, including but not limited to, the existence of an alleged debt allegedly owed by Plaintiff and checking account information of Plaintiff.

13. The telephone number used by Defendant to place the call to Plaintiff was (800) 352-3778.

14. There was no prerecorded or oral recording advisement provided to Plaintiff at the outset of this telephone call.

15. Plaintiff was unaware that Defendant was recording the calls until Plaintiff inquired of Defendant's representative during the call whether the call was being recorded for some reason, to which Defendant's representative

responded by saying that "all calls are recorded." It is clear that Plaintiff would not have been told or warned that the call was being recorded, and the only reason that Plaintiff was informed of this was because Plaintiff specifically asked Defendant's representative if the call was being recorded.

16. Plaintiff asked Defendant's representative whether the call was being recorded approximately one and a half minutes into the conversation, just prior to the call being transferred to a different representative of Defendant.

17. When Plaintiff asked Defendant's representative why Plaintiff had not been informed that the call was being recorded, Defendant's representative apologized that Plaintiff had not been informed of call recording.

18. Plaintiff did not hear intermittent beeping sounds during the call that may have alerted Plaintiff that the call was being recorded.

19. Prior the affirmative response to call recording by Defendant's representative, Defendant and Defendant's representative gave Plaintiff no reason to suspect that the call was being recorded.

20. The conversation with Plaintiff was without Plaintiff's knowledge or consent recorded by Defendant, causing harm and damage to Plaintiff. At no time during the call did Plaintiff give his consent, whether express or implied, for the telephone conversation to be recorded.

21. This call was a confidential communication that Plaintiff did not intend to be recorded by Defendant. The telephone call between Plaintiff and Defendant's representative concerned personal financial affairs that Plaintiffs had not openly discussed with others.

22. Reasonable California residents expect that their telephone communications are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call/s, since call recording advisements given at the outset of telephonic communications with businesses are ubiquitous today.

23. Due to the lack of a recording advisement at the outset of the telephone call, Plaintiff reasonably believed and expected that Defendant was not secretly recording the telephone conversation with Plaintiff, which concerned an alleged delinquency and/or debt.

24. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, GC has had a policy and a practice of recording telephone conversations with consumers, including inbound and outbound calls to consumers. GC's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

25. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, GC had a policy and a practice of recording California consumers without providing any disclosure/s and/or warning/s as to said recording/s on its outbound calls.

26. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, GC had installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendants use these devices to record each and every telephone conversation on said telephone lines.

27. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, GC had all of its outbound calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

28. Defendant's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

29. Defendant concealed from Plaintiff and similarly situated California residents that Defendant was recording the telephone calls between itself on

the one hand and Plaintiff and other similarly situated California residents on the other, which calls were initiated by Defendant.

30. Defendant concealed the fact that it was recording the afore-mentioned phone call/s from Defendant to create the false impression in the minds of Plaintiff and similarly situated California residents that they were not being recorded. At the outset of Defendant's outbound phone calls there was no warning that the phone calls were, or even may, be recorded.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

32. Plaintiff represents, and is a member of, the Class defined as follows:

> All persons in California whose cellular telephone conversations initiated by Defendant were recorded without their consent or knowledge by Defendant within one year prior to the filing of this action.

33. Defendant, and its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the definition of the Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF        PAGE 6 OF 11

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

    a. Whether Defendant has a policy of recording its outgoing calls;
    b. Whether Defendant discloses to California consumer/s and/or obtains their consent that Defendant's outgoing telephone conversations were recorded at the outset of the conversation;
    c. Whether Defendant recorded its outbound telephone conversations with persons in California while those persons were on their cellular telephone;
    d. Whether Defendant's policy of recording all of its outbound calls without the required call recording disclosure constituted a violation of California Penal Code § 632.7;
    e. Whether Defendant should be enjoined from engaging in such conduct in the future; and,
    f. Whether Plaintiff and Class members are entitled to any other relief.

37. Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the grater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

38. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the

Class. Plaintiff has retained counsel experienced in handling class actions and claims under California's Invasion of Privacy Act to further ensure such protection.

39. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole. This is especially the case where Defendant has been previously sued in the past for similar conduct.

## FIRST CAUSE OF ACTION
## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to

privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *See Kearney v. Salmon Smith Barney, Inc.,* (2006) 39 Cal. 4th 95, 125.

44. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party, where a cellular telephone is involved. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632.7 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

45. Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

46. Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to record each and every one of Defendant's outgoing telephone conversations over said telephone lines.

47. Said recording equipment was used to record Defendant's outbound telephone conversations with Plaintiff and the members of the Class, all in violation of California Penal Code § 632.7.

48. Defendant or any employees, agents, managers, officers, or directors of Defendant, and any other person, failed to inform Plaintiff or any other member of the Class, at the outset of Defendant's outbound telephone conversations, that the recording of the telephone conversations were taking place, and at no time did Plaintiff or any other member of the Class consent to this activity.

49. If any consent and/or disclosure were given, such disclosure/s and/or consent was not at the inception of the call/s.

50. Defendant, knowing that it was unlawful and a violation of Plaintiff and Class members' Class right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and Class members' privacy by intentionally engaging in the recording activities relative to the telephone conversations between Plaintiff and the Class on the one hand, and Defendant on the other hand, as alleged herein.

51. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

52. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class the following relief against Defendant:

1. That this action be certified as a class action on behalf of the Class

and that Plaintiff be appointed representative of the Class;

  2.   For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

  3.   That the Court preliminarily and permanently enjoin Defendant from recording to each and every telephone conversation with California residents, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and the Class;

  4.   For general damages according to proof;

  5.   For special damages according to proof;

  6.   For costs of suit;

  7.   For prejudgment interest at the legal rate; and

  8.   For such further relief as this Court deems necessary, just, and proper.

53.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 20, 2014                          Respectfully submitted,

                                             **KAZEROUNI LAW GROUP, APC**

                                             By:  /s Abbas Kazerounian
                                                    ABBAS KAZEROUNIAN, ESQ.
                                                    ATTORNEY FOR PLAINTIFF

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*