WRIGHT & L'ESTRANGE
John H. L'Estrange, Jr. (SBN 049594)
jlestrange@wllawsd.com
Andrew E. Schouten (SBN 263684)
aschouten@wllawsd.com
401 West A Street, Suite 2250
San Diego, CA  92101
(619) 231-4844; Fax: (619) 231-6710

Attorneys for Defendant GC Services Limited Partnership

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ZIEHM INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>GC SERVICES, LIMITED PARTNERSHIP,<br><br>Defendant. | Case No.: 14-cv-1599-AJB-DHB<br><br>**NOTICE OF RELATED CASES** |

PLEASE TAKE NOTICE, pursuant to Civil L.R. 40.1(f), that the following case pending in this District and another case previously pending in this District are related to this case.

## I. RELATED CASES

*Thomasson, et al. v. GC Services LP, et al.*, S.D. Cal. Case No. 05-cv-940 JAH-KSC ("*Thomasson*"), filed May 4, 2005 and voluntarily dismissed pursuant to settlement on February 4, 2014 (*Thomasson* Dkt. 336)

*Montemayor v. GC Services, LP*, *et al.,* S.D. Cal. Case No. 13-cv-1959 JAH-KSC ("*Montemayor*") filed August 22, 2013 and still pending.

## II. STATEMENT OF RELATIONSHIP OF THE ACTIONS

The *Thomasson* and *Montemayor* cases are related to this action because the actions involve the same or similar parties, the same or similar claims, the same

transactions or events, and substantially the same facts and questions of law. Specifically:

(1)   GC Services Limited Partnership is the only named defendant in all three actions;

(2)   Plaintiffs in all actions assert putative class actions where the alleged classes, as defined in the respective complaints, are similar (*Cf. Thomasson* Dkt. No. 6 at ¶¶ 41-42; *Montemayor* Dkt. No. 1 at ¶ 28 and *Ziehm* Dkt. No. 1 at ¶ 32 );

(3)   The operative complaints in all actions allege that a GC Services Limited Partnership practice and policy of monitoring and recording its own telephone calls with plaintiffs and the putative classes, in the ordinary course of its own business, violates California Penal Code section 632 and/or 632.7, pursuing the same or similar relief for similar classes of persons and asserting the same or similar common issues for certification of similar classes (*Cf. Thomasson,* Dkt No. 6 at ¶¶ 44 and 50-56; *Montemayor* Dkt. No. 1 at ¶¶ 32 and 38-45; and *Ziehm* Dkt. 1 at ¶¶ 36 and 42-52 );

(4)   All the actions allege that, pursuant to its business practices and policies, GC Services Limited Partnership monitored and recorded telephone calls with plaintiffs and some members of the class, in the ordinary course of business, without first obtaining consent from the named plaintiffs and some class members (*Cf. Thomasson* Dkt. No. 6 at ¶ 40; *Montemayor*, Dkt. No. 1 at ¶¶ 20-22); and *Ziehm* Dkt. No. 1 at ¶¶ 45-50).

(5)   The *Thomasson* case was pending in this Court between May 4, 2005 and February 14, 2014, including two appeals to the Ninth Circuit.  In the first appeal the Ninth Circuit affirmed summary judgment by the District Court on the claims for violation of California Penal Code section 632, and reversed summary judgment as to the claim for violation of the Fair Debt Collection Practices Act (Ninth Circuit Case No. 07-56215, Dkt. No. 33).  In the most recent appeal, the Ninth Circuit reversed the

class certification order by the District Court and remanded with instructions to de-certify the class (Ninth Circuit Case No. 11-56100, Dkt. No. 33-1).

(6)     The *Montemayor* case was filed in this district on August 8, 2013 and assigned to Judge William Q. Hayes and Magistrate Judge Ruben B. Brooks.  GC Services filed a Notice of Related Case in *Montemayor* (*Montemayor* Dkt. No. 4) suggesting that *Montemayor* and *Thomasson* cases should be assigned to a single district judge for judicial efficiency.  As a result of that suggestion *Montemayor* was transferred to Judge John A. Houston and Magistrate Judge Karen S. Crawford, who were assigned to the then pending *Thomasson* case, pursuant to the Low Number Rule (*Montemayor* Dkt. No. 8).  On December 3, 2013 GC Services filed a pre-answer motion to dismiss the *Montemayor* case based, in part on the prior rulings in the *Thomasson* case (*Montemayor* Dkt. No. 16).  That motion is fully briefed and was taken under submission by Judge Houston on February 5, 2014 (*Montemayor* Dkt. No. 25).

(7)     The *Ziehm* case was filed in the Central District of California on May 20, 2014 (*Ziehm* Dkt. No. 1).  GC Services filed a consent motion to change venue of the *Ziehm* case to this district based on the pendency of the *Montemayor* case and this Court's prior history with the *Thomasson* case (*Ziehm* Dkt. No. 11).  Plaintiff filed a statement of no opposition to GC Services' motion to change venue (*Ziehm* Dkt. No. 12).  On July 1, 2014 Judge Stephen V. Wilson in the Central District granted the motion to change venue.  In his findings in support of granting the consent motion to change venue Judge Wilson stated: "Finally, transfer will further judicial economy in view of the apparently similar case of *Thomasson v. GC Services, Ltd. Partnership*, No. CV-05-00940-LAB, which was recently pending in the Southern District.  See *Thomasson v. GC Services Ltd. Partnership*, 321 Fed. App'x 557 (9th Cir. 2008) (unpublished)" (*Ziehm* Dkt. 13).

## III. STATEMENT ON PROPRIETY OF ASSIGNMENT TO A SINGLE JUDGE

GC Services Limited Partnership believes that assignment of the *Ziehm* case and the *Montemayor* case to a single district judge in the Southern District is appropriate to save judicial effort and prevent inconsistent results.

Respectfully submitted,

Dated:  July 7, 2014

WRIGHT & L'ESTRANGE
Attorneys for defendant GC Services Limited Partnership

By:  s/ John H. L'Estrange, Jr. \_\_\_
John H. L'Estrange, Jr.
jlestrange@wllawsd.com